UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN M.,<br><br>                                   Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Acting Commissioner of Social Security,[1]<br>                                   Defendant. | Case No.: 24-cv-01381-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>**[ECF No. 19]** |

Before the Court is a joint motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 19.) For the following reasons, the Court **GRANTS** the joint motion for award of attorney's fees.

**I.    BACKGROUND**

On August 2, 2024, Plaintiff Jonathan M. ("Plaintiff") filed a Complaint against the Commissioner of Social Security (the "Commissioner") seeking judicial review of the

---

[1]    Frank Bisignano, the new Acting Commissioner of Social Security as of May 6, 2025, is hereby substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d).

1

denial of his application for Supplemental Security Income benefits. (ECF No. 1.) The Commissioner filed the Administrative Record on October 1, 2024. (ECF No. 11.)

The parties filed a joint motion for voluntary remand to agency pursuant to sentence four of 42 U.S.C. § 405(g) on October 2, 2024. (ECF No. 13.) On October 3, 2024, the Court granted the joint motion and remanded the matter to the Social Security Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 14.) Final judgment was entered on May 5, 2025. (ECF No. 18.)

Now before the Court is a joint motion for the award and payment of attorney fees and expenses pursuant to the EAJA. (ECF No. 19.) The parties jointly ask the Court to award Plaintiff attorney's fees in the amount of $1,000 under the EAJA. (*Id.* at 2.) This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action. (*Id.*)

**II.     DISCUSSION**

A litigant is entitled to attorney's fees and costs under the EAJA if: "(1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (internal citation omitted). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 611–12 (9th Cir. 2007).

     Here, the Court finds the parties' joint motion is timely[2] and that Plaintiff is entitled to EAJA fees.  First, the Court remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment for Plaintiff.  (ECF Nos. 13, 14, 18.)  Plaintiff is therefore the prevailing party, for "[a] plaintiff who obtains a sentence four remand," even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan*, 296 F.3d at 854 (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02); *see also Roland S. v. Saul*, No. 3:20-CV-01068-AHG, 2021 WL 4081567, at *2 (S.D. Cal. Sept. 7, 2021) (finding the plaintiff to be the prevailing party where the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g) based on a joint motion for voluntary remand).

     Second, the Commissioner makes no argument that her position was substantially justified.  *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified.").  Rather, the Commissioner filed a joint motion to voluntarily remand this case for further administrative proceedings, and the instant fee request comes to the Court by way of a joint motion.  *See Ulugalu v. Berryhill*, No. 17-CV-01087-GPC-JLB, 2018 WL 2012330, at *3 (S.D. Cal. Apr. 30, 2018) (finding the Commissioner did not demonstrate substantial justification for her position where she filed a voluntary stipulation for remand and the matter was referred to an administrative law judge to make a new determination as to the plaintiff's disability).

     Finally, Plaintiff's requested fees are reasonable.  The Court typically determines the reasonableness of the requested fee by using the lodestar method.  *See Costa v. Comm'r*

---

[2] The instant joint motion was filed before the judgment became final.  However, this Court finds, as other courts have, that prematurity does not bar a motion for EAJA fees. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986); *Sergio C. v. Kijakazi*, No. 20-CV-02270-AHG, 2022 WL 1122847, at *2 (S.D. Cal. Apr. 14, 2022) (applying *Auke Bay* to conclude a plaintiff's EAJA fee application in a Social Security case was not premature where the court had remanded for payment of benefits, despite the application being filed before the sixty-day appeal period had run).

*of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). Here, the parties do not attach Plaintiff's counsel's itemized list of hours and rates for this matter to the joint motion. (ECF No. 19.) However, based on a review of recent orders granting EAJA fees filed in this District, the Court finds that the requested fee is more than reasonable. *See, e.g.*, *Green v. Dudek*, No. 25-cv-362-RSH-SBC (S.D. Cal.), ECF No. 11 (May 22, 2025) (awarding $1,665.48 in attorney's fees under EAJA following joint motion to remand); *Hastie-Sanders v. O'Malley*, No. 24-cv-00991-DEB (S.D. Cal.), ECF No. 20 (Mar. 17, 2025) (awarding $5,400 in attorney's fees under EAJA following joint motion to remand); *Glasoe v. Kijakazi*, No. 23-cv-01035-LL-WVG (S.D. Cal.), ECF No. 12 (May 17, 2024) (awarding $2,500 in attorney's fees under EAJA following joint motion to remand). Accordingly, the Court finds the attorney's fees requested to be reasonable.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the parties' joint motion and **AWARDS** Plaintiff attorney's fees in the amount of $1,000 under the EAJA, subject to the terms of the joint motion.

**IT IS SO ORDERED.**

Dated: June 10, 2025

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge